15 CV 1692

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDGE WOODS

------------------------------------------------------------------ x

JACK ISRAEL

                                        Plaintiff,

                -against-

CITY OF NEW YORK, POLICE OFFICER AMAURYS
TAVAREZ, POLICE OFFICE OSBEL MEDINA,

                                        Defendants.

------------------------------------------------------------------ x

COMPLAINT AND
JURY DEMAND

MAR 0 6 2015

U.S.D.C. S.D. N.Y.

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which plaintiff seeks relief through 42 U.S.C.

§1983 for the violation of his Fourth and Fourteenth Amendment rights in addition to

violations of the laws and Constitution of the State of New York.

2.      The claim arises from a March 26, 2014 incident in which Officers of the New

York City Police Department ("NYPD"), acting under color of state law, intentionally

and willfully subjected plaintiff to, among other things, false arrest and excessive force.

3.      Plaintiff seeks monetary damages (special, compensatory, and punitive) against

defendants, as well as an award of costs and attorneys' fees, and such other and further

relief as the Court deems just and proper.

## JURISDICTION

4.      This action arises under the Fourth and Fourteenth Amendments to the United

States Constitution and under 42 U.S.C. §1983 and §1988 and the laws and Constitution

of the State of New York.

5.      The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3)

and (4), 1367(a) and the doctrine of pendent jurisdiction.

6.   The amount in controversy exceeds $75,000.00 excluding interest and costs.

## VENUE

7.   Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District.

## PARTIES

8.   Plaintiff resided at all times here relevant in the City of Yonkers in the State of New York.

9.   The City of New York (City) is a municipal corporation organized under the laws of the State of New York.  At all times relevant hereto, Defendant City, acting through the New York Police Department (NYPD), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and the State of New York.

10.   Defendant police officers were, at all times here relevant, police officers of the NYPD, and as such were acting in the capacity of agents, servants and employees of the City of New York. On information and belief, at all times relevant hereto, defendant officers were involved in the decision to arrest plaintiff without probable cause or failed to intervene in the actions of their fellow officers when they observed them arresting plaintiff without probable cause.  On information and belief, at all times relevant hereto,

defendant officers were under the command of the School Safety Bureau and are sued in their individual capacity.

11.   At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL ALLEGATIONS

12.   On March 26, 2014, plaintiff was working as a social studies teacher at DeWitt Clinton High School at 100 West Moshulu Parkway, Bronx, NY.  At approximately 1:45 PM, an argument broke out between two students outside plaintiff's classroom.  Plaintiff stood in the doorway of his classroom and asked students who were gathering to return to their classrooms and clear the area.

13.   While plaintiff was still standing in his doorway, defendant officer Medina came charging down the hallway.  Without cause or warning, officer Medina shoved a female student who was merely watching the fight between the other students.  Plaintiff asked the officer what he was doing and explained that the female student had done nothing wrong.  The defendant officers immediately accused plaintiff of interfering and attacked him.

14.   Officer Medina violently grabbed plaintiff's arm, spun him around and slammed him into a wall inside his classroom.  The defendant officers handcuffed plaintiff behind his back and violently lifted his arms toward his shoulders and head.  Plaintiff was extremely frightened and in shock that the officer attacked him so aggressively.  Plaintiff was placed under arrest without probable cause and without explanation.

15.   After handcuffed and assaulted in his classroom, plaintiff was pushed through

the hallway past the students who had gathered.  Plaintiff was taken to an office in the high school while the officers tried to find a key to unlock the cuffs.

16.   Eventually he was escorted to the 52nd precinct where he was fingerprinted and searched.  While in the cell at the precinct, plaintiff asked for medical attention but never actually received assistance.   After his release, plaintiff was evaluated by medical personnel and learned he had fractured ribs and a tear to his shoulder.

17.   Plaintiff was brought before a criminal court judge approximately twenty four hours after his arrest and was released.  All criminal charges against him have been dismissed and sealed.

18.   At all times during the events described above, the defendant police officers were engaged in a joint venture and formed an agreement to violate plaintiff's rights. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events.  They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

19.   During all of the events above described, defendants acted maliciously and with intent to injure plaintiff.

## DAMAGES

20.   As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

a.      Violation of his rights pursuant to the Fourth Amendment of the United States Constitution to be free from an unreasonable search and seizure of their persons;

4

b.    Violation of his rights pursuant to the Fourteenth Amendment of the United States Constitution to due process;

c.    Violation of his New York State Constitutional rights under Article 1, Section 12 to be free from an unreasonable search and seizure;

d.    Violation of his New York State Constitutional rights under Article 1, Section 6 to due process;

e.    Physical pain and suffering;

f.    Emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

g.    Loss of liberty;

h.    Loss of income.

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983

21.   The above paragraphs are here incorporated by reference.

22.   Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights to be free from unreasonable search and seizure, excessive force and to due process of law pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and are liable to plaintiff under 42 U.S.C. §1983.

23.   Plaintiff has been damaged as a result of defendants' wrongful acts.

## SECOND CAUSE OF ACTION
### Municipal Liability 42 U.S.C. §1983

24.   The above paragraphs are here incorporated by reference.

25.   The City is liable for the damages suffered by plaintiff as a result of the conduct of their employees, agents, and servants, in that, after learning of their employees'

5

violation of plaintiff's constitutional rights, they failed to remedy the wrong; they have created a policy or custom under which unconstitutional practices occurred and allowed such policies or customs to continue, and they have been grossly negligent in managing subordinates who caused the unlawful condition or event.

26.   The City has been alerted to the regular use of excessive force and false arrests by its police officers, but has nevertheless exhibited deliberate indifference to such excessive force and false arrests; that deliberate indifference caused the violation of plaintiff's constitutional rights in this case.

27.   The aforesaid event was not an isolated incident.  The City has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of his police officers use excessive force, unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of his fellow officers.  Nevertheless, the City has allowed policies and practices that allow the aforementioned to persist.

28.   For example, the well documented failures of the Civilian Complaint Review Board (CCRB), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected.  The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not substantiating the most serious charges brought to them.  In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB

in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB. The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

29. The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct. The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized. Furthermore, in the extraordinarily rare event that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which Commissioner Kelly has done on many occasions.

30. Further, the City has no procedure to notify individual officers or his supervisors of unfavorable judicial review of his conduct. Without this notification, improper search and seizure practices and incredible testimony go uncorrected. Additionally, according to a report of the New York City Bar Association issued in 2000, the City has isolated his law department from the discipline of police officers, so that civil suits against police officers for actions taken in his capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions. Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect" between the settlements of even substantial civil claims and police department action against officers.

31.   The City is aware that all of the aforementioned has resulted in violations of citizens' constitutional rights.   Despite such notice, the City has failed to take corrective action.   This failure and these policies caused the officers in the present case to violate plaintiff's civil rights, without fear of reprisal.

32.   Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.


WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, as follows:

A.     In favor of plaintiff in an amount to be determined by a jury for each of plaintiff's causes of action;

B.     Awarding plaintiff punitive damages in an amount to be determined by a jury;

C.     Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action; and

D.     Granting such other and further relief as this Court deems just and proper.


## JURY DEMAND

Plaintiff demands a trial by jury.

DATED:

        Brooklyn, New York
        March 2, 2015

TO:

        City of New York
        Office of Corporation Counsel
        100 Church Street
        New York, NY  10007

        Police Office Amaurys Tavarez
        Police Officer Osbel Medina
        Manhattan Bronx School Safety
        1 Randall's Island
        New York, NY 10035

Respectfully yours,

By: Nicole Bellina, Esq.
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
475 Atlantic Ave. Fl.3
Brooklyn, NY  11217
(718) 852-3710 x103